HENRY T. RAHE, ADMR. v. CUYAHOGA CO. (COMRS.)

COUNTY COMMISSIONERS LIABLE IN OFFICIAL CAPACITY FOR DAMAGES FOR WRONG-FUL DEATH, WHEN.

Under favor of Secs. 845 and 6134 Rev. Stat., an action may be maintained against the county commissioners in their official capacity by an administrator of one whose death is the result of the negligence of the commissioners in failing to keep a county bridge in repair.

ERROR to Cuyahoga common pleas court.

**Johnson & Dunlap,** for plaintiff in error:

County commissioners are liable in their official capacity for damages for wrongfully causing death when the act which caused the death is such as would have entitled the party injured (if death had not ensued), to maintain an action and recover damages in respect thereof. Section 6134 Rev. Stat., which gives a right of action for wrongfully causing death, is purely remedial. Bishop, Written Law Secs. 19, 120; Tracy v. Card, 2 Ohio St. 431; 1 Chitty's Blackstone 30, 61n; Dwarris, Statutes 734, 735. Burgett v. Burgett, 1 Ohio 469; Saterlee v. Stevens, 11 Ohio 420; Hays v. Armstrong, 7 Ohio (pt. 1) 247; Ratcliff v. Teters, 27 Ohio St. 66, 86; State v. Harmon, 31 Ohio St. 250; Little Miami Ry. v. Greene Co. (Comrs.) 31 Ohio St. 338; Moore v. Given, 39 Ohio St. 661; Rex v. Banbury, 1 Ad. & Ell. 136, 142; Commonwealth v. Loring, 25 Mass. (8 Pick.) 370; Jeffersonville (Mayor) v. Weems, 5 Ind. 547; Henry v. Tilson, 17 Vt. 479; Putnam v. Langley, 28 Mass. (11 Pick.) 487, 490; Bishop, Written Law 82; Debolt v. Insurance & Tr. Co. 1 Ohio St. 563; Brigel v. Starbuck, 34 Ohio St. 280, 285; Solor Refining Co. v. Elliott, 8 Circ. Dec. 225 (15 R. 551); Sec. 23 Rev. Stat.; Pennsylvania Fire Ins. Co. v. Carnahan, 10 Circ. Dec. 225 (19 R. 97); Murphy v. Holbrook, 20 Ohio St. 137 [5 Am. Rep. 633]; Shearman & Redfield, Negligence Sec. 177; Ruck v. Williams, Hurls. & Nor. 308; Hardin Co. (Comrs.) v. Coffman, 60 Ohio St. 527 [54 N. E. Rep. 1054; 48 L. R. A. 455]; Merkle v. Bennington Tp. 58 Mich. 156 [24 N. W. Rep. 776; 55 Am. Rep. 666].

**Chas. W. Stage,** county solicitor, **Z. T. Armstrong** and **J. L. Cannon,** assistant county solicitors, for defendant in error:

The statute, Sec. 6134 Rev. Stat., giving a right of action for wrongfully causing death, does not apply to a county.

Neither the word "corporation" nor the word "person" as used in said Sec. 6134 Rev. Stat. when that statute was enacted, included a county.

Not until April 13, 1894 (91 O. L. 142; Sec. 845 Rev. Stat.), was a county made liable for injuries resulting from a bridge upon a public highway being out of repair.

We claim that the passage of the act of 1894, did not have the effect to extend the meaning of the words "corporation" and "person" so as to cover counties; but that those words "corporation" and "person" included only such corporations as, at the time Sec. 6134 Rev. Stat. was enacted, were liable for injuries resulting from neglect, *i. e.*, private and municipal corporations.

Both Sec. 6134 and that part of Sec. 845 Rev. Stat. which gives a right of action against a county for the negligence of county commissioners, are in derogation of the common law, and, therefore, should be strictly construed.

That language, obviously, is intended to be restricted to actions brought by the person himself who has received such injury, and not by his legal representative; for an injury caused by a bridge over a public highway, being out of repair, is an injury resulting from a nuisance, Cardington (Vil.) v. Fredericks, 46 Ohio St. 442; Zanesville v. Fannan, 53 Ohio St. 605, 619 [42 N. E. Rep. 703; 53 Am. St. Rep. 664]; 3 Blackstone's Commentaries *220, and actions for a nuisance do not survive to legal representatives. Section 5144 Rev. Stat.; Wood, Nuisance Secs. 309, 319, 324.

Neither a county nor a board of county commissioners is a body corporate proper. A board of county commissioners is at most a *quasi* corporation, and as such, is not liable in a civil action unless expressly made so by statute. Hamilton Co. (Comrs.) v. Mighels, 7 Ohio St. 109, 110; State v. Hancock Co. (Comrs.) 11 Ohio St. 183; State v. Cincinnati, 20 Ohio St. 18; Finch v. Board of Ed. 30 Ohio St. 37 [27 Am. Rep. 414]; Dunn v. Agricultural Soc. 46 Ohio St. 93 [18 N. E. Rep. 496; 1 L. R. A. 754; 15 Am. St. Rep. 556]; Boalt v. Williams Co. (Comrs.) 18 Ohio 13.

At common law no action of any kind can be maintained against the state. The statute will not be presumed to affect an existing state policy farther than the terms of the statute require. Sutherland, Stat. Constr. Sec. 321, n. 4.

Long-established statutory policy will restrict the meaning of words to that policy. Sutherland, Stat. Constr. Sec. 407, notes 3, 4, 5.

Rahe v. Commissioners.

A statute creating a liability where none existed at common law should be strictly construed, and the terms should not be permitted to extend any meaning beyond the clearly-expressed provisions of the act. Sutherland, Stat. Constr. Sec. 371.

Counties which are component and essential parts of a state and the necessary agencies of its government, embodiments of the public, are no more embraced in the general words of the statute than the state itself. Cole v. White Co. 32 Ark. 45, 51.

A general statute granting a right of action of any kind, will not be held to include the state. State v. Board of Pub. Wks. 36 Ohio St. 409; State v. Railway, 37 Ohio St. 157, 176; State v. Cappeller, 39 Ohio St. 207.

These same propositions are true of a county, because it is an arm, or mere agency of the state. Wasteney v. Schott, 58 Ohio St. 410 [51 N. E. Rep. 34]; Gallia Co. (Comrs.) v. Holcomb, 7 Ohio (pt. 2) 232.

**WINCH, J.**

Plaintiff as administrator of Charles Gessner, deceased, filed his petition in the common pleas court of Cuyahoga county against the board of commissioners of said county in their official capacity, alleging that decedent came to his death in crossing a bridge on one of the county roads of said county, by reason of the negligence of said commissioners in failing to keep said bridge in repair. Damages in the sum of $10,000 were claimed for the benefit of the widow and surviving children of said decedent.

A general demurrer to the petition was filed by the defendants and sustained by the court below, and judgment rendered against the plaintiff. Thereupon a petition in error was filed in this court which brings before us for consideration and review a question raised by the demurrer, and argued to us, to wit, will an action for wrongful death lie against the commissioners of a county?

This question was before this court in the case of Rose v. Cuyahoga Co. (Comrs.) unreported, several years ago and then answered in the negative, the court affirming the decision of the common pleas court for the reason stated in the opinion by Judge Phillips, of that court.

That opinion held that Sec. 845 Rev. Stat., which provides that county commissioners shall be capable of suing and being sued in cases involving injuries to public, state and county roads, bridges, ditches, drains and water courses established by such boards in their counties, and that "any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negli-

gence * * * of said commissioners in keeping any such road or bridge in proper repair,'' did not by its terms create a liability in favor of anybody arising out of the death of a person resulting from such negligence; that Sec. 6134 Rev. Stat., which provides, that in case of the wrongful death of any person, an action may be maintained by the administrator or executor of the estate of such person against the corporation which, or the person who would have been liable if death had not ensued, did not by its terms authorize the action against the county or its commissioners, because the county is not a corporation, and that both of said statutes being in derogation of common law must be strictly construed.

An able brief has been presented by counsel for plaintiff in error suggesting strong reasons why the court should reverse itself and this case, and we have thoroughly reviewed the reasons and authorities supporting his claim.

It is not suggested that Sec. 845 Rev. Stat. itself specifically provides a remedy in case of wrongful death by reason of the negligence of the commissioners, but that when read in connection with Sec. 6134 Rev. Stat. a liberal construction of the two statutes would authorize the bringing of an action therefor against the county commissioners in a proper case, although it is admitted that at common law an action for wrongful death would not lie.

It is claimed the decision in Rose v. Cuyahoga Co. (Comrs.) *supra*, while logical, reaches a wrong conclusion because its premise is wrong. The argument in that case was: Statutes in derogation of the common law must be strictly construed; Secs. 845 and 6134 Rev. Stat. are in derogation of the common law; therefore they must be strictly construed.

It is suggested that the proposition should be stated as follows: Remedial statutes are to be liberally construed; Secs. 845 and 6134 Rev. Stat. are remedial statutes; therefore they are to be liberally construed.

The wrong premise is evidently in the latter statement. These statutes, while in one sense they provide remedies for existing evils, do more than that; they create rights and liabilities; they make causes of action where before none existed. Such was the holding in the case of Pitts. C. & St. L. Ry. v. Hine, 25 Ohio St. 629; on page 634 of the opinion, Judge Gilmore, speaking of the act of 1851, which is now Sec. 6134 Rev. Stat. says:

''The right of action given by the statute of 1851 is in the nature

Rahe v. Commissioners.

·of property in *action,* * * * . The right was not known to the common law . * * * . Hence, the right of action, in such cases, could ·only be conferred by statute. * * * the act being in derogation of the common law, any restrictive language used in it (speaking of the proviso that such actions must be brought within two years of the ·death) must be construed against the right created by it. It would be ·different if the act was merely remedial as to existing rights; such statutes are to be liberally construed."

So, with regard to Sec. 845 Rev. Stat.; it is an innovation upon the ·common law; before its enactment no action would lie against the ·county for damages resulting from the negligence of its commissioners, whether death ensued or not. At the time the legislature provided a liability for such negligence, it knew the extent of Sec. 6134 Rev. Stat. In a case involving a similar statute, the act of April 18, 1870 (67 O. L. 101), under which a wife or child, who should be injured in person or property or means of support by an intoxicated person, might have a right of action against the person causing the intoxication, the Supreme Court makes the following observations:

"The seventh section of the liquor act, above quoted, was also an innovation upon the common law; as, before its enactment, there was no action for an injury caused by an intoxicated person, or in consequence of the intoxication, against the person who caused the intoxication. But since the action is thus given by the statute, the question is, whether, in view of the state of the law as it existed at the date of its passage, the terms of the section should be so construed as to extend the remedy to damages resulting from the death of the person intoxicated.

"Injuries 'by any intoxicated person, or in consequence of the intoxication' are the terms of the statute; and it is contended that if intoxication causes death, and death causes injury, the latter is within the meaning of the act. On the other hand it is contended, that as the legislature must be presumed to have known the state of the common law, and the extent of the innovation by the act of 1851 (by Sec. 6134 Rev. Stat.) if a further innovation had been intended, such intention would have been expressed in unmistakable terms. We incline to the latter view." Davis v. Justice, 31 Ohio St. 359, 363 [27 Am. Rep. 514].

It was evidently with this conception of the law that in 1896 and again by amendment of the same act in 1898, the legislature, in providing that counties should be liable to a person injured by a riot, also provided that they should likewise be liable to his administrator, if the victim of the riot should be killed. Sections 4426-6, 4426-7, 4426-8 Rev. Stat.

In view of these decisions, both sections of the statutes should be strictly construed, and neither would seem to authorize the action here brought, but it is claimed that both together do authorize it.

This can hardly be on the ground that the board of county commissioners or the county is a corporation, in the sense that said word is used in the statutes, for there are many decisions in this state to the contrary, if they are applicable to this case. Hamilton Co. (Comrs.) v. Mighels, 7 Ohio St. 109, 110; State v. Hancock Co. (Comrs.) 11 Ohio St. 183; Finch v. Board of Ed. 30 Ohio St. 37 [27 Am. Rep. 414]; Dunn v. Agricultural Soc. 46 Ohio St. 93 [18 N. E. Rep. 496; 1 L. R. A. 754; 15 Am. St. Rep. 556]; Overholser v. Home for Disabled Soldiers, 68 Ohio St. 236.

From the foregoing considerations we would be disposed to affirm the judgment in this case and adhere to our former ruling, were it not for the case of Hardin Co. (Comrs.) v. Coffman, 60 Ohio St. 527 [54 N. E. Rep. 1054; 48 L. R. A. 455], where the question here raised was necessarily involved, but does not appear to have been argued to the court. Whether the Supreme Court would have reversed and remanded that case, or reversed and entered judgment for plaintiff in error, if it had fully considered the proposition here made, we are unable to say. Perhaps, upon a full presentation of the matter the Supreme Court may come to a different conclusion, but it is not for us to assume that it will.

The action was against a board of county commissioners to recover damages for the death of a person caused by the breaking down of a bridge by a traction engine drawing a water tank on which the deceased was riding. Judgment had been rendered for plaintiff in the common pleas court and circuit court; these judgments were reversed by the Supreme Court for error in the charge and for refusal to charge as requested, in that the trial judge did not submit to the jury whether the use being made of the bridge when the deceased received the injury which caused his death, was such usual and ordinary use of it as reasonably prudent persons in the situation of the commissioners, and charged with their duties, would, in the exercise of ordinary care, in view of all the facts, have anticipated would be made of the bridge and would be attended with danger of injury resulting to persons or property.

It appears, however, that a demurrer had been filed in the case. The argument on the demurrer, doubtless, did not raise the precise question here presented, for we find the following language used on page 530 of the opinion:

Rahe v. Commissioners.

"Another claim of the plaintiff in error,—one made on demurrer to the petition, is that, because the liability created by the statute is that of the commissioners in their official capacity, for their official neglect, redress must be sought by action on their official bonds, which are required in order to secure a faithful and diligent performance of their official duties; and furthermore, that as the negligence charged includes the defective construction of the bridge, which was built before the act was passed, the action is not maintainable against the board of commissioners as constituted when the injury complained of was sustained. The material fact, however, from which the liability for a defective bridge arises, is the negligence of the commissioners in not keeping it in repair when the injury occurs; and the length of time the defect had continued before, or how it originated, are unimportant except as tending to show knowledge of its existence. The negligent omission to make needed repairs on a bridge known to be out of repair, is, within the purview of the statute, a negligent failure to keep it in repair. And, the liability of the commissioners in their official capacity, is the liability of the county they represent, to the person injured by their culpable neglect. Whether, in the first instance, recovery might be had on their bonds, or, whether the county may have recourse to them for reimbursement of the damages paid by it, are questions not now before us, and upon which we express no opinion. We are satisfied that, in a proper case, the action may be maintained as this one was brought, directly against the board of commissioners in their official capacity."

Personally I am of the opinion that this last sentence means only that the Supreme Court considers that an action under favor of Sec. 845 Rev. Stat. is rightly brought against the board of commissioners in their official capacity, whatever the personal liability of the commissioners or their bondsmen to the county may be, growing out of the negligence of the commissioners, and nothing more. I cannot believe that the Supreme Court, having stated specifically two questions which it says were raised by the demurrer, undertook to decide a third question thereby raised, but in no manner discussed by counsel or considered in the opinion.

However, a majority of the court is of the opinion that the language used in the last sentence quoted is broad enough to be decisive of this case. Such being the case, further discussion of the matter is precluded and it is proper, and the law requires that the judgment of the court below be reversed for error in sustaining the demurrer.

Judgment reversed.

**Hale** and **Marvin, JJ.,** concur.